

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-9-2007

# Griffin v. Hogsten

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-2937

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Griffin v. Hogsten" (2007). *2007 Decisions.* Paper 227.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/227

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

DLD-30                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 07-2937

WILLIE J. GRIFFIN,
                                    Appellant

v.

KAREN HOGSTEN,
Warden FCI Allenwood (Medium)

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. PA. Civ. No. 07-cv-00676)
District Judge: Honorable A. Richard Caputo

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
October 25, 2007

Before:    BARRY, CHAGARES AND VAN ANTWERPEN, <u>CIRCUIT JUDGES</u>.

(Filed: November 9, 2007)

OPINION

PER CURIAM

        Willie J. Griffin, a federal inmate housed at FCI-Allenwood in Pennsylvania,

appeals <u>pro se</u> from an order of the United States District Court for the Middle District of

Pennsylvania dismissing for lack of jurisdiction his habeas petition filed pursuant to 28 U.S.C. § 2241. In 1999, Griffin was convicted after a jury trial in the United States District Court for the Northern District of Florida of possession with intent to distribute cocaine and conspiracy to possess with intent to distribute cocaine and cocaine base. He was sentenced to serve 252 months in prison. The Eleventh Circuit Court of Appeals affirmed. Griffin filed a motion to vacate pursuant to 28 U.S.C. § 2255, which the sentencing court denied. The Eleventh Circuit Court of Appeals declined to issue a certificate of appealability and the United States Supreme Court denied certiorari. Griffin then sought, in separate motions, a writ of error coram nobis, relief pursuant to Rule 60(b) of the Federal Rules of Civil Procedure, and modification of his sentence under 18 U.S.C. § 3582(c)(2), all of which the sentencing court denied. Griffin has not applied to the Eleventh Circuit Court of Appeals for permission to file a second or successive § 2255 motion pursuant to 28 U.S.C. § 2244.

On April 11, 2007, Griffin filed this § 2241 petition asserting that the sentencing court wrongly enhanced his sentence beyond the statutory maximum based on his prior conviction in state court for possession of cocaine, in violation of Apprendi v. New Jersey, 530 U.S. 466 (2000). He claims that his state court conviction should have been treated as a misdemeanor, not a felony, under the reasoning in Lopez v. Gonzales, 127 S.Ct. 625 (2006) (holding that a state felony conviction for a drug offense that is treated as a misdemeanor under the federal Controlled Substances Act does not constitute an

2

"aggravated felony" under the Immigration and Nationality Act). Griffin alleged that he filed a § 2241 petition because he had no other available means to challenge the constitutionality of his conviction.

The District Court dismissed the § 2241 petition for lack of jurisdiction pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions pursuant to Rule 1(b)), and later denied Griffin's motion for reconsideration. Griffin timely appealed.

We have jurisdiction pursuant to 28 U.S.C. 1291. As the District Court properly stated, a § 2255 motion is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence, unless such a motion would be "inadequate or ineffective to test the legality of his detention." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002); 28 U.S.C. § 2255 ¶ 5. A § 2255 motion is inadequate or ineffective only when "some limitation of scope or procedure" prevents a movant from receiving an adjudication of his claim. Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002). "Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." Id. at 539.

Griffin cannot show that § 2255 is inadequate or ineffective to challenge the legality of his detention. The "safety valve" provided under § 2255 does not apply in

3

Griffin's case. The safety valve provision is extremely narrow and has been held to apply in unusual situations such as those in which a prisoner has had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in law. See Okereke, 307 F.3d at 120 (citing In re Dorsainvil, 119 F.3d at 251). Griffin claims that he should not have been found guilty based on an allegedly defective indictment. He falls far short of asserting, and we find nothing in this record to indicate, that he is actually innocent of the crime for which he was convicted. The exception identified in In re Dorsainvil is simply inapplicable, and Griffin is not entitled to seek relief under § 2241.

Because the petition was properly dismissed and no substantial question is presented by this appeal, the District Court's judgment will be affirmed. See Third Circuit LAR 27.4 and I.O.P. 10.6. Griffin's motion for appointment of counsel is denied.